UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AGUSTIN MORALES CAMPOS, *et al.*,

                Plaintiffs,

-against-

UP THAI CORP. (D/B/A TUNG THONG 181), *et al.*,

                Defendants.

19cv04730 (DF)

**CONDITIONAL ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

      In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before the Court for approval.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements).  The parties have also submitted a letter to the Court, explaining why they believe the proposed settlement agreement is fair, reasonable, and adequate.  (Dkt. 65.)  The Court has reviewed the parties' submission in order to determine whether the proposed agreement (Dkt. 65-1) represents a reasonable compromise of the claims asserted in this action, and, on March 17, 2022, the Court also held a telephone conference to address the question of whether it should issue a contingent Order of Dismissal in this case, as the parties' settlement agreement had not yet been executed. In light of the totality of the circumstances presented, including the representations made in the parties' letter, the terms of the proposed settlement agreement, and the discussion that the Court had with counsel in the March 17 conference, it is hereby ORDERED that:

1.     The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate Plaintiffs' counsel for their legal fees (*see* Dkt. 65-2), and the agreement is therefore approved.

2.     The Court notes that this Order does not incorporate the terms of the parties' settlement agreement.  Nor have the parties requested that this Court retain jurisdiction for the purpose of enforcing the settlement.  To the contrary, the parties' agreement provides that, in the event of a default by Defendants, Plaintiffs may (after providing notice and an opportunity to cure) file affidavits of confession of judgment, in the form attached to the agreement.  (Dkt. 65-1 ¶ 1.)  As those affidavits are captioned in the Supreme Court of the State of New York, it is the Court's understanding that, if enforcement of the agreement is necessary, the affidavits would be filed in state court.  In light of this, the Court has made no independent determination to retain jurisdiction, and nothing in this Court's approval of the settlement under *Cheeks* should be construed as such a determination.  *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, No. 15cv1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

3.     <u>In light of paragraph 2, above, the parties are specifically cautioned that, although they have stipulated that their agreement would be "considered void and [that] the parties may proceed with further litigation" if, within 30 days of the Court's approval of the settlement, Defendants fail to "produce documentation demonstrating consummation of the assignment and</u>

assumption of [a certain] lease" (Dkt. 65-1 ¶ 1), Plaintiffs must make a timely application to restore the action, should they wish to do so under that provision of the agreement (*see* paragraph 4, below).

    4.    As set out above, the Court notes that the parties have not yet executed the settlement agreement. Accordingly, as a result of the Court's approval of the parties' settlement agreement, this action is hereby discontinued with prejudice and without costs, provided, however, that within 60 days of the date of this Order, if the parties' written documentation of the settlement is not fully executed, Plaintiffs may apply by letter for the restoration of the action to the active calendar of the Court. Plaintiffs may similarly apply by letter for the restoration of the action if the lease assignment/assumption documentation referred to in paragraph 3, above, is not timely supplied by Defendants, but, under no circumstances shall that application be made more than 60 days from the date of this Order.

Dated: New York, New York
       April 14, 2022

                                     SO ORDERED

                                     DEBRA FREEMAN
                                     United States Magistrate Judge

Copies to:

All counsel (via ECF)