**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
AGUSTIN MORALES CAMPOS, AGUSTIN
ROSALES SALAZAR, DAMIAN GARCIA
ROMANO, JOSE CAMPOS, JOSE TRINIDAD
CAMPOS, SANTIAGO CAMPOS PERAL, and
SILVESTRE BASURTO MONTIEL, *individually
and on behalf of other similarly situated*,

                                   Plaintiffs,                    **19-CV-4730 (VF)**

         -against-                                      **ORDER**

UP THAI CORP. (D/B/A TUNG THONG 181),
And JIRAPAT PUTTANA WONG,

                                   Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement. ECF No. 28. The parties have now submitted a joint letter-motion in support of settlement (ECF No. 81) and proposed settlement agreement (ECF No. 81-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Based on the Court's review of the the joint letter-motion in support of settlement, the settlement agreement, and accompanying exhibits, the Court requests more information from the parties before it can determine whether the terms of the settlement are fair, reasonable, and adequate. The parties are directed to submit a joint letter addressing the Court's questions by no later than **October 25, 2023.**

First, the parties have failed to provide an estimation of each plaintiff's calculated damages and the amount each plaintiff would receive under the settlement agreement, which they are required to do because the settlement agreement applies to multiple plaintiffs. See Leonardo v. Reza Fast Food, Inc., No. 20-CV-8879 (VSB), 2022 WL 2440975, at *3 (S.D.N.Y. July 5, 2022) (requiring information about each plaintiff's total possible damages and how much each plaintiff is ultimately receiving under the settlement in order to approve the settlement); Calderon v. CJS Wholesalers, No. 17-CV-6154 (HBP), 2019 WL 289969, at *1 (S.D.N.Y. Jan. 23, 2019) (referencing the court's earlier denial of the settlement agreement because it failed to specify each plaintiff's claimed damages and share of the settlement amount). In their letter to the Court, the parties are directed to specify the dollar amount of each plaintiff's total recovery. The submission should explain the calculations and factual bases underlying these recovery amounts.

Second, Plaintiffs' counsel seeks the Court's approval of $32,980 in attorneys' fees. The lodestar amount, however, is $8,720. Plaintiffs therefore are requesting fees that result in an effective hourly rate of over $900 and a 3.8 multiplier. Courts in this district have declined to approve settlements in relatively uncomplicated FLSA cases with proposed attorneys' fees that are more than triple the amount counsel would have been entitled to if they had billed their client on an hourly basis. See Cegueda-Juarez v. Cleanwear USA 2, Inc., No. 18-CV-1604 (PAC), 2019 WL 5485253, at *2 (S.D.N.Y. Oct. 25, 2019); see also Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) (applying the lodestar cross-check and declining to approve proposed attorneys' fees in an FLSA case where counsel requested fees that resulted in an effective hourly rate of over $1,000 and a

2.8 multiplier). Therefore, in their letter, the parties are also directed to provide an explanation as to why the proposed attorneys' is reasonable.

**SO ORDERED.**

DATED:    New York, New York
          October 4, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge