# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

October 24, 2023

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, NY 10007

　　　　Re:  Morales Campos et al v. Up Thai Corp. et al; 1:19-cv-04730-VF

Your Honor:

　　　This office represents the Plaintiffs in the above referenced matter. Plaintiffs write, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A Countersigned copy of the Agreement is attached hereto as **Exhibit A**.

　　　Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

　　　Plaintiffs allege they were employed by Defendants as delivery personnel who also performed various non-tipped duties at their Thai restaurants in upper Manhattan, New York under the name Tung Thong. They also allege Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, failure to pay spread of hours pay, unauthorized deductions from wages and gratuities, and failure to provide annual notice and wage statements.

　　　**I.　　The Proposed Settlement is Fair and Reasonable**

　　　Under the Agreement, Defendants will pay Ninety-Seven Thousand Nine Hundred Ninety Dollars and Zero Cents ($97,990.00) to settle all claims against Defendant Jirapat Puttanawong. This settlement amount will be paid in twelve (12) installments. The installments will begin being paid within 30 days of the Court's approval of the Agreement. The installments shall consist of twelve (12) checks in equal amounts that are will be made payable to "CSM Legal, P.C. as attorneys for Plaintiffs in 19-cv-04730". Plaintiffs' counsel will then distribute the funds to the Plaintiffs.

October 24, 2023
Page 2

Plaintiffs alleged that the Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, as well as notice and recordkeeping violations. In determining Plaintiffs' damages, Plaintiffs conveyed what they believed their hours and wages were when they were employed by Defendant. Plaintiffs' counsel then created the damages chart to reflect the information conveyed by Plaintiffs. The information that the damages chart is based off of is pulled directly from Plaintiffs' Complaint. According to that information, Plaintiffs allege that they are entitled to back wages from Defendants in the amount of approximately Five Hundred Fifty-Three Thousand One Hundred Eleven Dollars and Seventy-Five Cents ($553,111.75). Plaintiffs estimated that if they had recovered in full for their claims, exclusive of attorneys' fees, they would be entitled to approximately One Million Five Hundred Seventy Thousand Eight Hundred Eleven Dollars and Ninety Cents ($1,570,811.90). A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as **Exhibit B**. However, this calculation of damages was disputed by Defendants and was determined to be possibly flawed following discussions with the Defendants. Specifically, Defendants contested Plaintiffs' allegations regarding the number of hours worked and wages paid.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Significantly, Defendants vigorously contested the alleged hours worked by the Plaintiffs, duties of the Plaintiffs and the method of Plaintiffs' pay.

As such, Plaintiffs believe the settlement is reasonable, both due to the challenges of prevailing on the merits and because of the risk that Plaintiffs may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F Supp 2d 362, 364 (SDNY 2013).Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts

regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.  Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive Eight Thousand Seven Hundred Twenty Dollars and Zero Cents ($8,720.00) from the settlement fund as attorneys' fees and costs. This represents significantly less than one-third of the recovery in this litigation. The lodestar amount, as reflected on the invoice attached hereto as **Exhibit C**, is $ 8,720.00, including $475.00 in costs.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Plaintiffs' signed retainer agreements are attached hereto as **Exhibit D**.

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

    i.    Yolanda Rivero was an associate at Michael Faillace & Associates, P.C., now CSM Legal, P.C. She graduated from Albany Law School in 1996. She practiced as an associate with Michael Faillace & Associates, P.C. from January 2008 until April 2013, and then from April 2019 until 2021 when she passed away.

    ii.    Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

    iii.    Jarret Bodo ("JTB"), graduated with a J.D. from the Maurice A. Deane School of Law at Hofstra University in 2020 and was admitted to the New York State Bar in 2021. During his time at CSM Legal, P.C. he has participated in

October 24, 2023
Page 4

dozens of litigations and has conducted an in-person trial. Prior to joining CSM Legal, P.C., Jarret worked on personal injury and mass torts cases at Meirowitz & Wasserberg, LLP. His work is billed at a rate of $350 per hour.

  iv. Jordan Gottheim was an associate at Michael Faillace & Associates, P.C., now CSM Legal, P.C. He graduated from Fordham University School of Law in 2016.

  v. Paralegals, represented as "PL/PU", have their work billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

        Respectfully submitted,

        /s/ *Jarret T. Bodo*
        Jarret T. Bodo, Esq.
        CSM LEGAL, P.C.
        Attorneys for the Plaintiffs

Enclosures

cc: Bingchen Li, Esq. (via ECF)