UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AGUSTIN MORALES CAMPOS, AGUSTIN ROSALES SALAZAR, DAMIAN GARCIA ROMANO, JOSE CAMPOS, JOSE TRINIDAD CAMPOS, SANTIAGO CAMPOS PERAL, and SILVESTRE BASURTO MONTIEL, *individually and on behalf of other similarly situated*,

                          Plaintiffs,                          19-CV-4730 (VF)

        -against-                                          **ORDER**

UP THAI CORP. (D/B/A TUNG THONG 181),
And JIRAPAT PUTTANA WONG,

                          Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

       The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement. ECF No. 28. On October 2, 2023, the parties submitted a joint letter-motion in support of settlement (ECF No. 81) and proposed settlement agreement (ECF No. 81-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). However, I was unable to approve the settlement at that time and requested more information from the parties before I could determine whether the terms of the settlement are fair, reasonable, and adequate. See ECF No. 83. Specifically, I requested (1) an estimation of each plaintiff's calculated damages and the amount each plaintiff would receive under the settlement agreement; and (2) an explanation as to why the proposed attorneys' fees of $32,980 were reasonable. Id.

On October 24, 2023, the parties submitted a renewed joint-letter motion in support of settlement (ECF No. 84) and a renewed proposed settlement agreement (ECF No. 84-1) for approval. In the revised submission, Plaintiffs' counsel seeks the Court's approval of $8,720 in attorneys' fees. See ECF No. 84 at 3. Plaintiffs' counsel has also provided the Court with contemporaneous billing records documenting the rate, hours expended, and the tasks performed. ECF No. 84-3. The amount sought, which represents less than one-third of the settlement amount (and which is significantly less than the amount previously sought), is reasonable. See Rivera v. Silver Star Cleaner, Inc., No. 18 Civ. 4427 (PAC), 2019 WL 3491505, at *2 (S.D.N.Y. Aug. 1, 2019) ("The Second Circuit has routinely held that a one-third compensation structure is reasonable.") (collecting cases).

The submission, however, was not revised to specify the dollar amount of each plaintiff's total recovery or to explain the calculations and factual bases underlying the recovery amounts by each plaintiff. While the submission includes a copy of Plaintiffs' damages chart, breaking down each amount sought by Defendants (ECF No. 84-2), the parties' letter explains that this calculation of damages is the original amount sought by Plaintiffs and is disputed by Defendants, see ECF No. 84 at 2. As explained in the Court's prior order, because the settlement agreement applies to multiple plaintiffs, the parties are required to provide an estimation of each plaintiff's calculated damages and the amount each plaintiff will ultimately receive under the agreement. See Leonardo v. Reza Fast Food, Inc., No. 20-CV-8879 (VSB), 2022 WL 2440975, at *3 (S.D.N.Y. July 5, 2022) (requiring information about each plaintiff's total possible damages and how much each plaintiff is ultimately receiving under the settlement to approve the settlement); Calderon v. CJS Wholesalers, No. 17-CV-6154 (HBP), 2019 WL 289969, at *1 (S.D.N.Y. Jan. 23, 2019)

(referencing the court's earlier denial of the settlement agreement because it failed to specify each plaintiff's claimed damages and share of the settlement amount). Even if the chart represents the calculated damages of each plaintiff, it does not include the ultimate recovery each plaintiff will receive pursuant to the settlement. Without such information, I am once again unable to approve the proposed settlement at this time. The parties are therefore directed to submit a joint letter addressing this issue by no later than **May 16, 2024.**

    **SO ORDERED.**

DATED:    New York, New York
               April 25, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge