UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AGUSTIN MORALES CAMPOS, AGUSTIN
ROSALES SALAZAR, DAMIAN GARCIA
ROMANO, JOSE CAMPOS, JOSE TRINIDAD
CAMPOS, SANTIAGO CAMPOS PERAL, and
SILVESTRE BASURTO MONTIEL, *individually
and on behalf of others similarly situated*,

                               Plaintiffs,                               **19-CV-4730 (VF)**

              -against-                                         **ORDER**

UP THAI CORP. (D/B/A TUNG THONG 181),
and JIRAPAT PUTTANA WONG,

                               Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 for purposes of reviewing their proposed settlement. ECF No. 28. On October 2, 2023, the parties submitted a joint-letter motion in support of settlement (ECF No. 81) and proposed settlement agreement (ECF No. 81-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). However, the information provided was inadequate to determine whether the terms of the settlement are fair, reasonable, and adequate, and the Court requested (1) an estimation of each plaintiff's calculated damages and the amount each plaintiff will receive under the settlement agreement; and (2) an explanation as to why the proposed attorneys' fees of $32,980 are reasonable. See ECF No. 83.

      On October 24, 2023, the parties submitted a renewed joint-letter motion in support of settlement (ECF No. 84) and a renewed proposed settlement agreement (ECF No. 84-1) for

approval. In the revised submission, Plaintiffs' counsel sought the Court's approval of $8,720 in attorneys' fees. See ECF No. 84 at 3. Plaintiffs' counsel also provided the Court with contemporaneous billing records documenting the rate, hours expended, and the tasks performed. ECF No. 84-3. The submission, however, did not specify the dollar amount of each plaintiff's total recovery or explain the calculations and factual bases underlying the recovery amount for each plaintiff. Although the submission included a copy of Plaintiffs' damages chart, breaking down each amount sought from each Defendant (ECF No. 84-2), the parties' letter explained that this calculation of damages was the original amount sought by Plaintiffs and was disputed by Defendants, see ECF No. 84 at 2.

As explained in the Court's October 4, 2023 order, because the settlement agreement applies to multiple plaintiffs, the parties are required to provide an estimation of each plaintiff's calculated damages and the amount each plaintiff will ultimately receive under the agreement. See Leonardo v. Reza Fast Food, Inc., No. 20-CV-8879 (VSB), 2022 WL 2440975, at *3 (S.D.N.Y. July 5, 2022) (requiring information about each plaintiff's total damages and how much each plaintiff was ultimately receiving under the settlement to approve the settlement); Calderon v. CJS Wholesalers, No. 17-CV-6154 (HBP), 2019 WL 289969, at *1 (S.D.N.Y. Jan. 23, 2019) (referencing the court's earlier denial of the settlement agreement because it failed to specify each plaintiff's claimed damages and share of the settlement amount). The chart provided by the parties in their October 24, 2024 submission did not include the amount each plaintiff will receive pursuant to the settlement. Without such information, the Court could not to approve the proposed settlement and thus directed the parties to submit a joint letter addressing the issue. See ECF No. 87 at 2-3.

On May 16, 2024, the parties submitted another renewed joint-letter motion in support of settlement (ECF No. 88) and another renewed proposed settlement agreement (ECF No. 88-1) for approval. This renewed submission contains a chart with a breakdown of the individual compensation each plaintiff will receive as part of the settlement. See ECF No. 88 at 2. For the reasons explained below, the settlement in this matter is approved.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10-CV-04712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

Although the settlement here represents a payment to Plaintiffs that is less than their maximum possible recovery (see ECF No. 88 at 2), the settlement "avoids the serious risk of litigation" that Plaintiffs faced in light of disputes over the number of hours worked and wages paid (see id. at 2-3) and is thus reasonable given the potential obstacles to Plaintiffs' recovery. See Sanchez v. DPC N.Y. Inc., 381 F. Supp. 3d 245, 250 (S.D.N.Y. 2019) (approving settlement that represented less than the maximum possible recovery where it "avoid[ed] the serious risk of litigation that three [p]laintiffs faced"); Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016) (determining settlement amount was fair "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement").

Because this action settled prior to the start of formal discovery, the settlement will entirely avoid the expense, aggravation, and risk of litigation. Further, there are no factors here that suggest the existence of fraud or collusion by counsel. The parties represent that the settlement reflects a reasonable compromise of "sharply contested factual and legal disputes," and, as such, Plaintiffs believe that the settlement is reasonable. See ECF No. 88 at 3. And because the May 16, 2024 submission explains that the amount each plaintiff will receive was determined proportionally, according to their individual damages assessments (see ECF No. 88 at 2), the settlement agreement distribution clearly "bear[s] a rational relationship to the amount claimed by each plaintiff." Flores v. Hill Country Chicken, LLC, No. 16-CV-2916 (AT) (HBP), 2017 WL 3448018 at *1 (S.D.N.Y. Aug. 11, 2017).

Plaintiffs also agree to a release of Defendants that is limited to Plaintiffs' wage-and-hour claims. ECF No. 88-1 at ¶ 2. Because this release is narrowly tailored to the wage-and-hour claims in this litigation, it is permissible. See Redwood v. Cassway Contracting Corp., No. 16-CV-3502 (HBP), 2017 WL 4764486 at *3 (S.D.N.Y. Oct. 18, 2017) (determining that release limited to wage-and-hour issues was reasonable); Hyun v. Ippudo USA Holdings, No. 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (same). In addition, the settlement agreement does not contain confidentiality provisions that would undermine the broad remedial purposes of the FLSA. See Santos v. Yellowstone Properties, Inc., No. 15-CV-3986 (PAE), 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016) (finding a settlement agreement fair and reasonable where there were no confidentiality provisions in the agreement); see also Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 177-81 (S.D.N.Y. 2015) (discussing why confidentiality provisions are in tension with the remedial purposes of the FLSA).

Finally, the $8,720 sought by Plaintiffs' counsel in attorneys' fees (ECF No. 84 at 3), which represents less than one-third of the settlement amount (and which is significantly less than the amount initially sought), is reasonable. See ECF No. 87 at 2 (citing Rivera v. Silver Star Cleaner, Inc., No. 18 Civ. 4427 (PAC), 2019 WL 3491505, at *2 (S.D.N.Y. Aug. 1, 2019) ("The Second Circuit has routinely held that a one-third compensation structure is reasonable.") (collecting cases)).

Accordingly, for the foregoing reasons, the settlement in this matter is approved. As stated in the parties' letter, the settlement amount shall be paid in twelve installments beginning within 30 days of this order. See ECF No. 88 at 1. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of Court is respectfully directed to terminate the case.

**SO ORDERED.**

DATED:   New York, New York
         May 30, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge